**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: | In Proceedings |
| | Under Chapter 7 |
| JAMES B. ZIMMERMAN and | |
| JULIANNA ZIMMERMAN, | |
| | Case No. 11-41386 |
| Debtor(s). | |
| | |
| JAMES B. ZIMMERMAN, | |
| | |
| Plaintiff(s), | |
| | Adversary No. 12-4076 |
| v. | |
| | |
| SOCIAL SECURITY ADMINISTRATION, | |
| | |
| Defendant(s). | |

OPINION

Debtor James Zimmerman ("debtor") filed the instant adversary complaint against the Social Security Administration ("SSA") alleging that SSA wrongfully withheld a portion of the debtor's social security disability benefits, thereby violating the automatic stay and the discharge injunction. SSA filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. At the hearing on the motion to dismiss, it became clear that the parties did not agree on certain facts. Accordingly, the Court denied the motion to dismiss the complaint and granted SSA time to file an answer. Instead, SSA filed a motion asking the Court to reconsider its order denying the motion to dismiss. A hearing was held on the motion to reconsider and on the debtor's objection thereto, at which time the parties agreed to file a stipulation of facts. The motion to reconsider was taken under advisement.

1

FACTS

Pursuant to their Stipulation filed with the Court, the parties agree to the following facts. On December 21, 2007, an administrative law judge approved a lump sum settlement award in the amount of $104,901.54 under the Longshore and Harbor Workers' Compensation Act[1] for injuries the debtor sustained in a work-related injury. In April 2008, the debtor was also awarded social security disability benefits. SSA initially determined that the debtor would receive monthly disability payments in the amount of $1,163.60 for May 2008, and thereafter, $1,260.00 per month. See Exhibit C attached to the parties' Stipulation.

In a subsequent letter dated December 6, 2008, SSA notified the debtor that he would receive monthly disability payments of $1,357.00. See Exhibit D attached to the parties' Stipulation. This letter also advised the debtor that SSA did not account for the debtor's receipt of workers' compensation benefits when it first processed his claim, resulting in an overpayment of disability benefits. The letter further advised the debtor that his disability benefits would be reduced because of the overpayment. Two subsequent letters from SSA, dated December 10, 2008 and December 16, 2008, again advised the debtor of an upcoming reduction in disability payments. See Exhibits E and F attached to the parties' Stipulation. The letters of December 6th and December 16th included an explanation of the time and method for appealing SSA's decision.

Despite the letters in 2008 notifying the debtor of a reduction in disability payments, his disability payments were not reduced until February 2011.[2] See Exhibit H attached to the parties' Stipulation (Declaration of Michael Cudzilo, Social Security Administration Operations Analyst, ¶5). In February 2011, SSA paid the debtor a disability benefit of $258.50, with $110.50 going toward payment of his supplemental medical insurance premium. For unknown reasons, SSA paid

---

[1] 33 U.S.C. § 901.
[2] The reason for SSA's delay in reducing the debtor's monthly disability benefits is not clear.

2

the debtor a higher disability payment ($1.435.80) in March and April of 2011. In May 2011, SSA again paid a reduced benefit of $258.50, and from June 2011 until April 2012, SSA paid no disability benefits in an effort to reduce the overpayment balance.

The debtor and his spouse filed a joint chapter 7 bankruptcy petition on October 18, 2011, listing SSA as an unsecured creditor with a claim for "overpayment of benefits." On February 13, 2012, the debtor and his spouse were granted a discharge, and on February 17, 2012, SSA discharged the debtor's pre-petition overpayment debt of $43,531.00 (based on his chapter 7 filing). In April 2012, SSA paid the debtor disability benefits for the period covering November 2011 through April 2012 ($259.00 per month for November and December and $310.00 per month for January, February, March and April).[3] The debtor continues to receive monthly disability payments in the amount of $310.00.

## ARGUMENTS

SSA asks the Court to reconsider its order denying SSA's motion to dismiss on the basis that the debtor's complaint fails to state a claim upon which relief can be granted. In support of its motion, SSA contends that its offset of disability benefits is not an effort to recover a debt or overpayment. Instead, it is a statutorily-required offset based on the debtor's receipt of workers' compensation benefits. SSA further contends that it discharged the entire overpayment debt in February 2012 based on the debtor's chapter 7 bankruptcy proceeding, and that it refunded any overpayment collections that it made during the pendency of the bankruptcy case. In short, SSA argues that its ongoing, post-petition offset "has nothing to do with the previous overpayment which was charged and subsequently discharged." Defendant's Motion to Reconsider, p. 2.

In response to SSA's motion to dismiss, the debtor first notes what he is *not* arguing:

---

[3] According to ¶ 13 of the Declaration of Michael Cudzilo, these payments compensated the debtor for monthly benefits he should have received from the time he filed his bankruptcy petition in October 2011 through April 2012.

- He does not dispute that SSA had a right to offset pre-petition.

- He does not argue that SSA incorrectly calculated the amount that it had a right to offset.

- He does not argue that he has the right to challenge the amount of the offset in this Court, even if he believed that the calculations were incorrect.

What the debtor does argue is that SSA's continued offset of the debtor's monthly disability benefits *post-petition* based on a *pre-petition* workers' compensation lump sum award violates the discharge injunction.[4] According to the debtor, "any right of the SSA to offset *post-petition* is discharged by [the debtor's] bankruptcy filing." Debtor's Response to the Defendant's Motion for Reconsideration, p. 2 (emphasis in original).

ANALYSIS

The Court is required to treat SSA's motion to dismiss as a summary judgment motion since the parties have presented matters outside the pleadings. Rule 12(d) of the Federal Rules of Civil Procedure, which applies to adversary proceedings pursuant to Bankruptcy Rule 7012(b), provides:

> (d) **Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) [failure to state a claim upon which relief can be granted] or 12(c) [motion for judgment on the pleadings], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. Pro. 12(d). In an order entered on June 21, 2013, the Court advised the parties that SSA's motion would be treated as one for summary judgment, and granted counsel additional time to file any further material in support of their positions. No additional documents were filed.

---

[4] Although the debtor's complaint alleges that SSA violated both the automatic stay and the discharge injunction, the debtor has focused primarily, if not exclusively, on SSA's post-petition actions and its alleged violation of the discharge injunction.

4

Summary judgment is proper "only if the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *NLFC, Inc. v. Devcom Mid-American, Inc.*, 45 F.3d 231, 234 (7th Cir. 1995) (citations omitted). When reviewing facts in support of a motion for summary judgment, a court must construe all facts in the light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *In re Bozorgzadeh*, 2012 WL 2803741, at *3 (Bankr. S.D.Ill., July 10, 2012) (citing *NLFC, Inc. v. Devcom Mid-American, Inc.*, 45 F.3d at 234). For the reasons that follow, the Court concludes that SSA is entitled to summary judgment in its favor on the complaint.

The Court begins with the statute that requires SSA to reduce, or offset, an individual's disability benefits when that individual is also entitled to workers' compensation benefits. That statute provides, in part, as follows:

> (a) Conditions for reduction; computation
>
> If for any month prior to the month in which an individual attains the age of 65—
>
> (1) such individual is entitled to [social security disability] benefits … and
> (2) such individual is entitled for such month to—
>    (A) periodic benefits on account of his or her total or partial disability … under a workmen's compensation law or plan of the United States or a State, or
>    (B) periodic benefits on account of his or her total or partial disability … under any other law or plan of the United States, a State, a political subdivision … or an instrumentality of two or more States …
> the total of his [disability] benefits … for such month and of any [old-age and survivor insurance] benefits … shall be reduced (but not below zero) by the amount by which the sum of—
> (3) such total of [disability and old-age and survivor] benefits for such month, and
> (4) such periodic benefits payable (and actually paid) for such month to such individual under such [workers' compensation] laws or plans exceeds the higher of—

5

> (5) 80 per centum of his "average current earnings," or
>
> (6) the total of such individual's disability insurance benefits … for such month and of any monthly [old-age and survivor] insurance benefits for such month based on his wages and self-employment income, prior to reduction under this section.

42. U.S.C. § 424a(a).[5]  "The legislative intent of disability reduction is to prevent the receipt of duplicative benefits resulting in greater than pre-injury earnings." *Harden v. U.S. Dept. of Health and Human Services*, 979 F.2d 1082, 1083 (5th Cir. 1992) (citing *Richardson v. Belcher*, 404 U.S. 78, 82-83 (1971)).

If an individual, such as the debtor in the instant case, receives a lump sum workers' compensation award, SSA must calculate the award as if that individual were receiving a monthly award of workers' compensation benefits:

> (b) Reduction where benefits payable on other than monthly basis
>
> If any periodic benefit for a total or partial disability under a law or plan described in subsection (a)(2) of this section is payable on other than a monthly basis (excluding a benefit payable as a lump sum except to the extent that it is a commutation of, or a substitute for, periodic payments), the reduction under this section shall be made at such time or times and in such amounts as the Commissioner of Social Security finds will approximate as nearly as practicable the reduction prescribed by subsection (a) of this section.

42 U.S.C. § 424a(b).[6]  In other words, when an individual receives workers' compensation benefits in a lump sum, "the Act requires the Commissioner to prorate the lump sum payment and 'approximate as nearly as practicable' the rate at which the award would have been paid on a monthly basis." *Sanfilippo v. Barnhart*, 325 F.3d 391 (3d Cir. 2003) (citing 42 U.S.C. § 424a(b)).

Pursuant to the statutory requirements set forth above, SSA recalculated the debtor's disability benefits as if he were receiving a monthly award of workers' compensation benefits and

---

[5] The regulations governing this statute can be found at 20 C.F.R. § 404.408(a)(2)(i) (2011).
[6] The regulations governing this statute can be found at 20 C.F.R. § 404.408(g) (2011).

then prorated that award. The debtor does not dispute SSA's authority to do so in "nonbankruptcy" cases. In fact, "[d]ebtor agrees that the SSA regulations permit, indeed require, the SSA to spread out the [e]ffects of a lump sum workers' compensation award over an extended period of time." Debtor's Response to the Defendant's Motion for Reconsideration, p. 3. The debtor, however, contends that SSA cannot do so when the recipient of social security disability benefits has filed a bankruptcy petition. In support of his argument, the debtor cites *Matter of Neavear*, 674 F.2d 1201 (7th Cir. 1982).

The Court fails to see how *Neavear* supports the debtor's position in this case. The facts and holding are clearly distinguishable. In *Neavear*, the debtor received disability benefits for approximately eleven years without informing SSA that during the latter three years, he was self-employed as a real estate broker. When he later became disabled and entitled to receive benefits again, SSA commenced a proceeding to offset the earlier payments (that were improperly received) against Neavear's future benefits. An administrative law judge found that Neavear had been overpaid $19,818.10 in disability benefits, and that his future benefits must be reduced in satisfaction of the overpayment debt. The debtor subsequently filed a chapter 7 bankruptcy proceeding, listing on his schedule of debts a $19,818.10 overpayment debt owed to SSA. After receiving a discharge, SSA continued to reduce his disability benefits in an attempt to recover the debt. Neavear filed a complaint in the bankruptcy court seeking a declaration that the overpayment debt had been discharged.

The issue in *Neavear* was "whether § 207 of the Social Security Act, 42 U.S.C. § 407 (1976), confers on the Social Security Administration … a blanket exemption from the operation of the bankruptcy laws, so that a debt owing to the SSA because of an overpayment of benefits cannot

7

be discharged in bankruptcy." *Id*. The court held that "SSA enjoys no such immunity from the bankruptcy laws and that the overpayment debt is dischargeable…." *Id*.

In the instant case, *the pre-petition overpayment debt in the amount of $43,531.00 **was** discharged in the debtor's bankruptcy proceeding*. Contrary to the debtor's assertion that *Neavear* rejects the very argument SSA makes in the instant case, SSA's agreement to discharge the debtor's overpayment debt is in complete accord with *Neavear*. SSA is **not** attempting to recover the overpayment debt, or to collect any amount that was previously discharged. At the hearing on SSA's motion for reconsideration, the Court asked counsel for the debtor to identify the debt that SSA is allegedly trying to collect. Counsel was unable to identify the debt, stating only that "the debt is offsetting the lump sum award." The debtor's position that SSA is attempting to recover a pre-petition overpayment is, in short, without merit. SSA's post-petition reduction of disability benefits is based on the debtor's receipt of a workers' compensation award, and as previously explained, is statutorily required.

The debtor also cites *Lee v. Schweiker*, 739 F.2d 870 (3d Cir. 1984). The court in *Lee* found:

> We conclude that, in spite of statutory or contractual provisions providing for "recoupment" of previous overpayments, the primary purpose of these [social-welfare] statutes is to provide income security to the recipients. Once a bankruptcy petition is filed, the income provided by Social Security benefits should be protected by the automatic stay. The right of SSA to recover pre-petition debts should be subject to the limitations on setoff, just as it is limited by the provisions for exemption and discharge, *In re Neavear*, 674 F.2d 1201 (7th Cir. 1982), rather than treated as part of a "contract" between the government and the debtor. Accordingly, we hold that SSA may not recoup *previous overpayments* from benefits payable after a bankruptcy petition is filed.

*Id*. at 876 (emphasis added). The Court fails to see how the decision in *Lee* supports the debtor's position in this case. SSA compensated the debtor for monthly benefits he should have received

8

from the time he filed his bankruptcy petition in October 2011 through April 2012. Declaration of Michael Cudzilo, Social Security Administration Operations Analyst, ¶ 13. Moreover, SSA is *not* attempting to recoup previous overpayments – the debtor's overpayment debt was discharged. SSA is, instead, paying the amount of benefits to which the debtor is entitled based on a statutorily required formula.

The Court having construed all facts in the light most favorable to the debtor, finds that there is no genuine issue of material fact. The Court further finds that based on the applicable law discussed above, SSA is entitled to judgment in its favor as a matter of law. Accordingly, SSA's motion for reconsideration is granted. SSA's motion to dismiss, which the Court construes as a motion for summary judgment, is also granted. Judgment will enter in favor of SSA and against the debtor on the complaint.

See order entered this date.

ENTERED: July 8, 2013

/s/ Laura K. Grandy
_____

UNITED STATES BANKRUPTCY JUDGE